UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERTA LAUFENBERG,

    Plaintiff,

v.                      CIVIL ACTION NO.: 6:22-cv-01430-CEM-EJK

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE DEFAULT

COMES NOW, Defendant, RELIANCE STANDARD LIFE INSURANCE COMPANY ("Reliance" or "Defendant") and moves to set aside the Clerk's Default entered herein on October 11, 2022 [DE 14], for good cause shown pursuant to Fed. R. Civ. Pro. 55(c). Additionally and alternatively, Defendant respectfully requests that it be allowed to file the attached Answer on the day following the granting of the relief requested herein.

1. On August 11, 2022 Plaintiff files his Complaint against Defendant [DE 1].

2. The Summons and Complaint were served on Defendant on August 16, 2022 [DE 8], to which its response was due September 6, 2022.

3. Due to unforeseen circumstances, Defendant failed to timely file a responsive pleading. Consequently, on October 11, 2022, this Court issued an Order requiring the Clerk of Court to enter Default against Defendant. [DE 14].

4. Defense Counsel has conferred with counsel for Plaintiff who does not oppose the requested relief being sought herein.

CIVIL ACTION NO.: 6:22-cv-01430-CEM-EJK

5. Plaintiff will not be prejudiced by the Default being set aside.

6. "The longstanding policy in Florida is one of liberality toward vacating defaults, and any reasonable doubt with regard to setting aside a default should be resolved in favor of vacating the default and allowing trial on the merits." *Allstate Insurance Co. v. Ladner*, 740 So. 2d 42, 43 (Fla. 1st DCA 1999). "A default judgment is not a procedure intended to furnish an advantage to a plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant" *Coggin v. Barfield*, 150 Fla. 551, 8 So. 2d 9, 11 (Fla. 1942). "Each case should be evaluated under the totality of the circumstances of that specific case." *Edwards v. City of Fort Walton Beach*, 271 So. 2d 136, 137 (Fla. 1972)

WHEREFORE, Defendant Reliance Standard Life Insurance Company, moves this Honorable Court for an Order (1) setting aside the Default; (2) allowing Defendant to file its Answer on the day following the granting of the relief requested herein, and (3) any other and further relief as the Court deems just and proper under the circumstances.

CIVIL ACTION NO.: 6:22-cv-01430-CEM-EJK

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
100 Southeast Second Street-Suite 2100
Miami, Florida 33131
(305) 374-4400 Telephone
(305) 579-0261 Facsimile

By: */s/ Tanya I. Suarez*
TANYA I. SUAREZ
Florida Bar. No.: 86259
tanya.suarez@wilsonelser.com

*Attorneys for Defendant Reliance Standard Life Insurance Company*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on November 1, 2022 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**
William C. Demas, Esquire
*Lead Attorney and Lead Counsel for the Plaintiff*
**TUCKER LAW GROUP, P.A.**
5235 16th St. North
St. Petersburg, FL 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415
demas@tuckerlawgroup.com

John V. Tucker, Esquire
*Attorney and Counsel for Plaintiff*
**TUCKER LAW GROUP, P.A.**
5235 16th St. North

CIVIL ACTION NO.: 6:22-cv-01430-CEM-EJK

St. Petersburg, FL 33703
Tel.: (727) 572-5000
Fax: (727) 571-1415
tucker@tuckerlawgroup.com

4

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261